■ WEST 16TH STREET TENANTS CORP., Respondent, v PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant. [736 NYS2d 34] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered March 22, 2001, which granted plaintiff's motion for a default judgment pursuant to CPLR 3215, and denied defendant's cross motion to compel plaintiff to accept late service of the answer pursuant to CPLR 3012 (d), unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about June 15, 2001, which, inter alia, denied defendant's motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable order.

This is an action for, inter alia, a declaratory judgment that defendant insurer is obligated to defend and indemnify plaintiff cooperative corporation against a personal injury claim under primary and umbrella commercial general liability policies. The accident giving rise to the claim occurred on October 11, 1999, but plaintiff did not give defendant notice of the occurrence until more than five months later, after it was served with the summons and complaint in the underlying personal injury action. Defendant received notice of the claim on March 28, 2000, and disclaimed coverage on April 27, 2000 on the ground that plaintiff had not complied with policy conditions requiring it to give notice of any occurrence that might give rise to a claim "as soon as practicable." After this action was commenced, defendant inadvertently served its answer on the attorney for the plaintiff in the underlying personal injury action, and plaintiff subsequently moved for entry of a default judgment herein.

Although defendant's default was excusable (see, CPLR 2005), the motion court correctly granted the motion for a default judgment on the ground that defendant failed to demonstrate a meritorious defense. Plaintiff's delay in notifying defendant of the occurrence giving rise to the claim, the sole ground on which defendant disclaimed coverage, was obvious from the face of the notice of claim and the accompanying complaint, and defendant had no need to conduct an investigation before determining whether to disclaim. Defendant's 30-day delay in disclaiming coverage was therefore unreasonable as a matter of law under Insurance Law § 3420 (d) (see, City of New York v Northern Ins. Co., 284 AD2d 291, lv dismissed 97 NY2d 638; Matter of Nationwide Mut. Ins. Co. v Steiner, 199 AD2d 507). Concur—Nardelli, J.P., Williams, Saxe, Wallach and Friedman, JJ.