■ EDWARD HEEGAN, Respondent, v UNITED INTERNATIONAL INSURANCE COMPANY, Appellant, 1840 PUB, INC., Doing Business as LAST SECOND SALOON, et al., Respondents, et al., Defendant. [767 NYS2d 861]—

In an action, inter alia, for a judgment declaring that the defendant United International Insurance Company is obligated to defend and indemnify the defendant 1840 Pub, Inc., doing business as Last Second Saloon, in an underlying personal injury action entitled *Heegan v 1840 Pub*, pending in the Supreme Court, Kings County, under Index No. 30940/97, the defendant United International Insurance Company appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Belen, J.), dated September 10, 2002, which, in effect, denied its motion for summary judgment, and, upon searching the rec-

ord, granted summary judgment to the plaintiff and declared that it is obligated to defend and indemnify the defendant 1840 Pub, Inc., doing business as Last Second Saloon, in the underlying personal injury action, and granted the cross motion of the defendant John Paterno, Inc., for summary judgment.

Ordered that the appeal from so much of the order and judgment as granted the cross motion is dismissed, as the appellant is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order and judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The Supreme Court properly searched the record and granted summary judgment to the plaintiff (see CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Vanegas v Nationwide Mut. Fire Ins. Co.,* 282 AD2d 671 [2001]).

Insurance Law § 3420 (d) requires that an insurer "give written notice as soon as is reasonably possible" of a denial of coverage. In this case, the lateness of the notice of occurrence given by the defendant 1840 Pub, Inc., doing business as Last Second Saloon (hereinafter the insured), to the defendant United International Insurance Company (hereinafter the insurer), which was the asserted reason for the denial of coverage, was evident on the face of the complaint in the underlying action (see *Wasserheit v New York Cent. Mut. Fire Ins. Co.,* 271 AD2d 439 [2000]; *Matter of Nationwide Mut. Ins. Co. v Steiner,* 199 AD2d 507 [1993]). To the extent that an investigation was necessary to determine if the insured had a reasonable excuse for its tardiness, the insurer provided no explanation for its own delay in promptly commencing such an investigation (see *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1030 [1979]; cf. *Generali-U.S. Branch v Rothschild,* 295 AD2d 236 [2002]; *Farmbrew Realty Corp. v Tower Ins. Co. of N.Y.,* 289 AD2d 284 [2001]; *2540 Assoc. v Assicurazioni Generali,* 271 AD2d 282 [2000]; see also *First Fin. Ins. Co. v Jetco Contr. Corp.,* 1 NY3d 64 [2003]). Accordingly, the insurer must defend and indemnify the insured in the underlying personal injury action.

The insurer's remaining contentions are without merit. Ritter, J.P., Florio, Smith and H. Miller, JJ., concur.