■ In the Matter of PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, Respondent, v MATTHEW CIROCCO, Appellant. [771 NYS2d 717]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplemental underinsured motorist benefits, Matthew Cirocco appeals (1) from an order of the Supreme Court, Nassau County (McCarty, J.), entered July 26, 2002, which granted the petition and permanently stayed arbitration, (2), as limited by his brief, from so much of an order of the same court entered December 3, 2002, as, upon granting his motion for leave to reargue the petition, adhered to the original determination, and (3), as limited by his brief, from so much of an order of the same court entered April 3, 2003, as, upon granting his motion for leave to reargue the prior motion, adhered to the determination in the order entered December 3, 2002.

Ordered that the appeals from the orders entered July 26, 2002, and December 3, 2002, are dismissed, as those orders were superseded by the order entered April 3, 2003, made upon reargument; and it is further,

Ordered that the order entered April 3, 2003, is reversed insofar as appealed from, on the law, upon reargument, the orders entered July 26, 2002, and December 3, 2002, are vacated, the petition is denied, and the proceeding is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The Supreme Court erred in granting the petition of Progressive Northeastern Insurance Company (hereinafter the insurer) for a permanent stay of the underinsured motorist arbitration sought by the appellant, Matthew Cirocco (hereinafter the insured). The record demonstrates that the insurer disclaimed coverage over 80 days after receiving notice of the facts upon which its disclaimer was based. The insurer's delay was unreasonable as a matter of law (*see* Insurance Law § 3420 [d]; *First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64 [2003]). The insurer's contention that the delay was occasioned by its need to conduct an investigation regarding coverage does not require a different result under the circumstances presented. The insurer provided absolutely no explanation for its own delay of more than 60 days in commencing its investigation (*see Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1030 [1979]; *Heegan v United Intl. Ins. Co.*, 2 AD3d 403 [2003]).

The insurer's remaining contentions are without merit. Smith, J.P., Goldstein, H. Miller and Townes, JJ., concur.