Lake Carmel Fire Dept., Inc. v Utica First Ins. Co. (2004 NY Slip Op 50140(U))

[*1]

 Lake Carmel Fire Dept., Inc. v Utica First Ins. Co.

2004 NY Slip Op 50140(U)

Decided on March 15, 2004

Supreme Court, Queens County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 15, 2004

Supreme Court, Queens County
 LAKE CARMEL FIRE DEPARTMENT, INC. and GRAPHIC ARTS MUTUAL INSURANCE CO., Plaintiffs, 
against
UTICA FIRST INSURANCE CO., NAK DESIGN AND CONSTRUCTION CORPORATION, AND JORGE PALACIOS, Defendants.
INDEX NO. 11870/03

Attorneys for Plaintiffs: William, F. Gormley, Esq., O'CONNOR, O'CONNOR,HINTZ & DEVENY, LLP, One Huntington Quadrangle, Suite 1C07, Melville, NY 11747-4415 631-777-2330
Attorneys for Defendant Utica First Insurance Company: Audra S. Zane, Esq., MILBER MAKRIS PLOUSADIS & SEIDEN, LLP, 990 Stewart Avenue, Suite 600, Garden City, NY 11530 516-712-4000
Attorneys for Defendant NAK Design and Construction Corporation: Brian P. Hickey, Jr., Esq., McCABE, COLLINS, McGEOUGH & FOWLER, LLP, 114 Old Country Road, P.O. Box 855, Mineola, NY 11501 516-741-6266
Attorney for Defendant Jorge Palacios: JACOB ORESKY, ESQ., 155 East 149th Street, Bronx, NY 10451 718-993-9999

Arnold N. Price, J.
Defendant Utica First Insurance Co. ("Utica") has moved for an order pursuant to CPLR 3211(a)(1) and (7) dismissing the complaint against it. Plaintiff Lake Carmel Fire Department, Inc. ("Fire Department") and plaintiff Graphic Arts Mutual Insurance Co. ("Graphic Arts") have cross-moved for summary judgment declaring that defendant Utica has an obligation to defend and indemnify Fire Department in an underlying personal injury action (Palacios v Lake Carmel Fire Department, Inc., Index No. 1152/02) brought in the New York State Supreme Court, County of Queens.
Plaintiff Graphic Arts issued a policy of insurance to plaintiff Fire Department effective for the term March 1, 2001 to March 1, 2002. Defendant Utica issued a policy of insurance to defendant NAK Design and Construction Corporation ("NAK") effective from March 16, 2001 to March 16, 2002. Plaintiff Fire Department alleges that it was an additional insured under the policy issued by defendant Utica. The Utica policy provided in relevant part:
[*2]
"Exclusions That Apply To All Liability Coverages[:]***1. We do not pay for bodily injury, property damage, personal injury or advertising injury which is assumed under a contract or an agreement.***8. We do not pay for: a. bodily injury to an employee of an insured if it occurs in the course of employment***." The Utica policy further provided: "Exclusion of Injury to Employees, Contractors, and Employees of Contractors: This insurance does not apply to: (1) bodily injury to any employee of any insured, to any contractor hired or retained by or for any insured or to any employee of such contractor, if such claim for bodily injury arises out of and in the course of his/her employment or retention of such contractor by or for any insured, for which any insured may become liable in any capacity***."
Plaintiff Fire Department and defendant NAK entered into a contract whereby the latter obligated itself to perform construction work at premises owned by the former. On or about December 3, 2001, defendant Jorge Palacios, an employee of defendant NAK, allegedly sustained personal injury while doing construction work at premises owned by plaintiff Fire Department. Palacios allegedly broke his foot. On or about January 14, 2002, he began a personal injury action (Palacios v Lake Carmel Fire Department, Inc., Index No. 1152/02) in the New York State Supreme Court, County of Queens. By letter dated April 17, 2002 from plaintiff Graphic Arts to defendant NAK, the former demanded that
the latter provide a defense and indemnification for plaintiff Fire Department.
Defendant Utica first received notice of the Palacios action on or about June 6, 2002. Defendant Utica began its investigation on or about June 20, 2002. By letter dated July 15, 2002, defendant Utica disclaimed coverage for both NAK and Fire Department based on the employee exclusion clauses in the policy. Defendant Utica sent the disclaimer to defendant NAK on July 15, 2002 and to plaintiff Fire Department on July 17, 2002. Defendant Utica's disclaimer to plaintiff Fire Department occurred 41 days after the insurer first received notice of the accident.
On or about May 14, 2003, the plaintiffs began this action for, inter alia, a judgment declaring that defendant Utica has an obligation to defend and indemnify Fire Department in the underlying Palacios action.
The plaintiffs contend that defendant Utica's disclaimer is a nullity because it was not issued within a reasonable period of time after the insurer learned of Palacios' accident. According to the plaintiffs, the tender letter from Fire Department's carrier clearly indicated that NAK employed Palacios, and, thus, defendant Utica had all the information it needed to disclaim upon receipt of the letter on June 6, 2002. The plaintiffs' contention has no merit. It is true that Insurance Law § 3420(d) provides: "If under a liability policy delivered or issued for delivery in this state,
an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." (See, West 16th Street Tenants Corp. v Public Service Mut. Ins. Co., 290 AD2d 278.) An insurer's untimely disclaimer of coverage is a nullity. (See, West 16th Street Tenants Corp. v Public Service Mut. Ins. Co., supra; City of New York v [*3]Northern Ins. Co. of New York, 284 AD2d 291.) However, in the case at bar the court is able to conclude as a matter of law that defendant Utica complied with Insurance Law § 3420(d). "It is perfectly reasonable that the insurer verify the surrounding facts so that, if it chooses to disclaim, it does so on the basis of concrete evidence***." (Mount Vernon Fire Ins. Co. v Harris, 193 F Supp 2d 674, 678.) The defendant insurer promptly began an investigation of the accident and on July 2, 2002 obtained confirmation from a project manager that NAK had employed Palacios. Defendant Utica received a statement from defendant NAK on July 10, 2002. The insurer sent the disclaimer letter to plaintiff Fire Department just seven days later. Defendant Utica offered a satisfactory explanation accounting for the time that the insurer took to issue the disclaimer. (See, First Financial Ins. Co. v Jetco Contracting Corp., 1 NY3d 64; Progressive Northeastern Ins.
Co. v Cirocco, ___ AD3d ___, 771 NYS2d 717; Heegan v United Intern. Ins. Co., 2 AD3d 403; Stabules v Aetna Life & Cas. Co., 226 AD2d 138; Bassuk Bros., Inc. v Utica First Ins. Co., 2002 WL 31925593 [n.o.r.], affd 1 AD3d 470.) This court holds as a matter of law that defendant Utica's disclaimer was not untimely. The plaintiffs' request for an opportunity to conduct disclosure is baseless. A party cannot have the determination of a summary judgment motion postponed upon the mere speculation and hope that discovery will reveal facts supporting a cause of action or defense. (See, Keeley v Tracy, 301 AD2d 502; Baron v Newman, 300 AD2d 267; Hampton Living, Inc. v Carltun on the Park, Ltd., 286 AD2d 664; Romeo v City of New York, 261 AD2d 379.) The court notes that the plaintiffs have no standing to assert that defendant Utica violated Insurance Law § 3420(d) by failing to timely send a notice of disclaimer to Palacios. (See, Khan v Convention Overlook, Inc., 253 AD2d 737; Batchie v Travelers Ins. Co., 130 AD2d 536.)
There is also no merit in the plaintiffs' contention that the employee exclusions in the policy issued by defendant Utica do not apply to exclude coverage for Fire Department since Palacios was an employee of NAK. "***New York courts have held that employee exclusionary clauses containing the same or similar language are plain and unambiguous and that such a clause applies to exclude coverage to an additional insured where, as here, the
main action is brought against such additional insured by the employee of a named insured***." (Moleon v Kreisler Borg Florman General Const. Co., Inc., 304 AD2d 337, 340.) The term "an insured" in defendant Utica's policy is unambiguous and, when used in the employee exclusion clause, encompasses both the insured and an additional insured. (See, Hayner Hoyt Corp. v Utica First Ins. Co., 306 AD2d 806.) Indeed, one exclusionary clause in defendant Utica's policy plainly reads: "This insurance does not apply to: (1) bodily injury to any employee of any insured***." (Emphasis added.) The employee exclusion clauses contained in the policy issued by defendant Utica operate to preclude coverage for both Fire Department and NAK for the injuries suffered by Palacios during the course of his employment for NAK. (See, Bassuk Bros., Inc. v Utica First Ins. Co., 1 AD3d 470; Hayner Hoyt Corp. v Utica First Ins. Co., supra; Rivera v St. Regis Hotel Joint Venture, 240 AD2d 332.) As the Appellate Division, Second Department, stated on November 17, 2003 in deciding Bassuk, a similar case: "The plain meaning of the exclusion was to relieve Utica of liability when an insured or additional insured was sued or contribution was [*4]requested for damages arising out of bodily injury to an employee sustained in the course of employment."
As requested by the parties, pursuant to CPLR 3211[c], this court will treat the motion and the cross motion as being for summary judgment. The motion is granted and the cross motion is
denied. The court declares that defendant Utica has no duty to defend or indemnify in the Palacios action.
Settle order declaring the rights and obligations of the parties.

 J.S.C.
Decision Date: March 15, 2004