■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
MICHAEL ANDRICKSON, Appellant. [777 NYS2d 304]—

Motion by the appellant for leave to reargue an appeal from a
judgment of the Supreme Court, Queens County, rendered
December 20, 2001, which was determined by decision and or-
der of this Court dated February 23, 2004 [4 AD3d 531].

Upon the papers filed in support of the motion and the papers
filed in relation thereto, it is,

Ordered that the motion is granted, and upon reargument,
the decision and order of this Court dated February 23, 2004, is
recalled and vacated, and the following decision and order is
substituted therefor:

Appeal by the defendant from a judgment of the Supreme
Court, Queens County (McKay, J.), rendered December 20, 2001,
convicting him of rape in the first degree (two counts), sodomy
in the first degree, and sexual abuse in the first degree (two
counts), after a nonjury trial, and sentencing him to concurrent
determinate terms of imprisonment of 15 years for each of the
rape counts, 15 years for sodomy in the first degree, and two
years for each of the sexual abuse counts, with an order of
protection remaining in effect until December 20, 2021.

Ordered that the judgment is modified, on the law, by delet-
ing the provision in the order of protection which provided that
it shall remain in effect until December 20, 2021; as so modi-
fied, the judgment is affirmed, and the matter is remitted to the
Supreme Court, Queens County, for a new determination of the
expiration date of the order of protection in accordance here-
with.

Viewing the evidence in the light most favorable to the prose-
cution (see People v Contes, 60 NY2d 620 [1983]), we find that it
was legally sufficient to establish the element of forcible compul-
sion beyond a reasonable doubt (see People v Williams, 259 AD2d
509 [1999]; People v Maysonet, 178 AD2d 558 [1991]). Moreover,
resolution of issues of credibility, as well as the weight to be ac-
corded to the evidence presented, are primarily questions to be
determined by the trier of fact, which saw and heard the wit-
nesses (see People v Gaimari, 176 NY 84 [1903]). Its determina-
tion should be accorded great weight on appeal and should not
be disturbed unless clearly unsupported by the record (see People
v Garafolo, 44 AD2d 86 [1974]). Any possible improper motive
of the complainant, and any inconsistencies in her testimony,

merely raised issues of credibility for the trier of fact to determine (*see People v Gantt,* 294 AD2d 446 [2002]; *People v Hayden,* 221 AD2d 367 [1995]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

As the People correctly concede, the Supreme Court erred in setting the expiration date of the order of protection 20 years after the defendant's conviction. Since the defendant was sentenced to a determinate term of 15 years, the maximum permissible duration of the order of protection was three years from the date of the expiration of the defendant's sentence (*see* CPL 530.13 [4]). Consequently, we remit the matter for a new determination of the expiration date of the order of protection, taking into account the defendant's jail-time credit.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Ritter, J.P., Krausman, Townes and Cozier, JJ., concur.