■ ELIAS M. GREGORIO, Plaintiff, v J.M. DENNIS CONSTRUCTION COMPANY CORP., Defendant and Third-Party Plaintiff-Respondent. UTICA MUTUAL INSURANCE COMPANY, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [803 NYS2d 628]—

In an action, inter alia, for a judgment declaring that J.M. Dennis Construction Company Corp. is an additional insured under the insurance policy issued by Utica Mutual Insurance Company and that the carrier is required to defend and indemnify J.M. Dennis Construction Company Corp. in the main action, the carrier appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (McCarty III, J.), entered September 29, 2004, which granted the cross motion of J.M. Dennis Construction Company Corp. for summary judgment, made the declaration, and denied its motion for summary judgment.

Ordered that the order and judgment is affirmed, with costs.

"A failure by the insurer to give [notice of disclaimer] as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability or denial of coverage, precludes effective disclaimer or denial" (*Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029 [1979]; *see Matter of Firemen's Fund Ins. Co. of Newark v Hopkins,* 88 NY2d 836 [1996]; *Matter of Aetna Cas. & Sur. Co. v Rosen,* 205 AD2d 684 [1994]; *Kramer v Interboro Mut. Indem. Ins. Co.,* 176 AD2d 308 [1991]; *New York Cent. Mut. Fire Ins. Co. v Markowitz,* 147 AD2d 461 [1989]). This rule applies even where, as here, J.M. Dennis Construction Company Corp. (hereinafter J.M. Dennis) failed to provide Utica Mutual Insurance Company (hereinafter the carrier) with timely notice of the claim in the first instance (*see Wasserheit v New York Cent. Mut. Fire Ins. Co.,* 271 AD2d 439 [2000]; *Matter of Aetna Cas. & Sur. Co. v Rosen, supra*; *Kramer v Interboro Mut. Indem. Ins. Co., supra; New York Cent. Mut. Fire Ins. Co. v Markowitz, supra*). Where the ground for disclaiming coverage should have been readily apparent to the carrier when it first received notice of the claim, the requirement for timely notice is particularly applicable (*see Wasserheit*

*v New York Cent. Mut. Fire Ins. Co., supra*). The Supreme Court correctly determined, as a matter of law, that the carrier's delay in disclaiming coverage was too long since the basis for the denial was evident from the face of the late notice of claim by J.M. Dennis and the accompanying complaint (*see West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co.*, 290 AD2d 278 [2002]). Therefore, the court properly granted the cross motion of J.M. Dennis for summary judgment and denied the carrier's motion.

The carrier's remaining contentions are without merit. Schmidt, J.P., S. Miller, Santucci and Skelos, JJ., concur.