■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v MARINA CRUZ et al., Respondents-Appellants, et al., Respondent. [817 NYS2d 129]—

In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, State Farm Mutual Automobile Insurance Company appeals, and Marina Cruz and Vicky Hernandez separately appeal, from a judgment of the Supreme Court, Queens County (Rios, J.), dated June 2, 2005, which, after a hearing, granted the petition and permanently stayed the arbitration, determined that the disclaimer of coverage by State Farm Mutual Automobile Insur-

ance Company was invalid, and, in effect, directed it to provide coverage regarding the bodily injury claims of Marina Cruz and Vicky Hernandez.

Ordered that the judgment is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

In December 2000 an automobile insured by the petitioner, Allstate Insurance Company (hereinafter Allstate), in which Marina Cruz and Vicky Hernandez were passengers, was struck from behind by an automobile owned by Jessica Ortega and insured by State Farm Mutual Automobile Insurance Company (hereinafter State Farm). State Farm first received notice of the accident on July 22, 2002 from the attorneys representing Cruz and Hernandez. State Farm subsequently sent a letter to counsel for Cruz and Hernandez, disclaiming coverage on the ground that their notice to State Farm was untimely. When Cruz and Hernandez served upon Allstate a demand for uninsured motorist arbitration, Allstate commenced this proceeding, seeking a permanent stay of arbitration. After conducting a hearing, the Supreme Court determined that State Farm was required to provide coverage to Cruz and Hernandez because its disclaimer of coverage was invalid. Accordingly, the Supreme Court granted Allstate's petition and permanently stayed the arbitration. We affirm, but for reasons other than those relied on by the Supreme Court.

An insurer must give written notice of a disclaimer of coverage "as soon as is reasonably possible" (Insurance Law § 3420) after "it first learns of the accident or of grounds for disclaimer of liability or denial of coverage" (*Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029 [1979]; *see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68-69 [2003]). An insurer's failure to do so "precludes effective disclaimer or denial" (*Hartford Ins. Co. v County of Nassau, supra* at 1029), even where the insured and the injured party have failed to provide the insurer with timely notice of the claim in the first instance (*see Wasserheit v New York Cent. Mut. Fire Ins. Co.*, 271 AD2d 439 [2000]). "It is the responsibility of the insurer to explain its delay" in disclaiming coverage (*Hartford Ins. Co. v County of Nassau, supra* at 1030; *see Matter of Nationwide Mut. Ins. Co. v Steiner*, 199 AD2d 507 [1993]). An insurer's explanation of such a delay "is insufficient as a matter of law where the basis for denying coverage was or should have been readily apparent before the onset of the delay" (*First Fin. Ins. Co. v Jetco Contr. Corp., supra* at 69).

In this case, State Farm's disclaimer was based solely upon

the lack of timely notice of the loss, and all relevant facts supporting such a disclaimer were immediately apparent to State Farm upon its receipt of notice of the accident from the attorneys representing Cruz and Hernandez (*see Gregorio v J.M. Dennis Constr. Co. Corp.*, 21 AD3d 1056 [2005]; *West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co.*, 290 AD2d 278 [2002]; *Wasserheit v New York Cent. Mut. Fire Ins. Co.*, 271 AD2d 439 [2000]; *cf. First Fin. Ins. Co. v Jetco Contr. Corp.*, *supra* at 69). Under the circumstances of this case, State Farm's delay in issuing its disclaimer of coverage was unreasonable (*see West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co.*, 290 AD2d 278 [2002]; *see also Gregorio v J.M. Dennis Constr. Co. Corp.*, 21 AD3d 1056 [2005]). Miller, J.P., Schmidt, Mastro and Lunn, JJ., concur.