■ GOTHAM CONSTRUCTION COMPANY, LLC, et al., Appellants-Respondents, v UNITED NATIONAL INSURANCE COMPANY, Respondent-Appellant, and D.J.M. REBAR, INC., Defendant and Third-Party Plaintiff-Respondent. PROFESSIONAL RISK MANAGERS, INC., Third-Party Defendant-Appellant. [829 NYS2d 5]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered June 5, 2006, which denied plaintiffs' motion and the third parties' cross motions for summary judgment, unanimously affirmed, without costs.

Plaintiffs, the construction manager and owner of a new residential building under construction, sought a declaration of entitlement to a defense and indemnification from their insurer, defendant United National, in an underlying personal injury action brought by an employee of defendant subcontractor D.J.M. Rebar. The subcontract required Rebar to obtain general liability coverage for plaintiffs as additional insureds. Rebar's broker, the third-party defendant herein, confirmed that Rebar's policy from United National was extended to cover plaintiffs. Notwithstanding the broker's certificate to that effect, the insurer denied coverage, citing the residential projects exclusion in the policy. In response to plaintiffs' motion for summary judgment, the broker cross-moved for summary dismissal of the third-party action, citing the same exclusionary clause. Rebar made its own cross motion for summary judgment on its cross claim against its codefendant insurer. The court correctly ruled that none of the parties was entitled to summary judgment.

United National's 50-day delay in issuing its disclaimer of coverage to plaintiffs for the underlying accident was unreasonable as a matter of law under Insurance Law § 3420 (d), because

the basis for the disclaimer was apparent from the documents forwarded to it with the tender, and contrary to its claim, United National had no need to conduct an investigation before determining whether to disclaim (*see e.g. West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co.*, 290 AD2d 278, 279 [2002], *lv denied* 98 NY2d 605 [2002]). However, the insurer did raise an issue of fact as to whether the certificate of insurance naming plaintiffs as additional insureds under Rebar's general liability policy was on file with the company, as required. Contrary to its contention, United National did not succeed in establishing, as a matter of law, that the certificate was not on file and that it thus never actually issued an effective policy covering plaintiffs as additional insureds. The issue of Rebar's tender to United National was not addressed on the motions and the record is devoid of any evidence concerning that issue. Thus, neither Rebar nor United National demonstrated entitlement to summary judgment on the timeliness of the insurer's disclaimer to Rebar.

Summary judgment was properly denied to the third-party broker because issues of fact exist as to whether it was authorized to issue the certificate of insurance naming plaintiffs as additional insureds, and whether the broker ever submitted that certificate to United National or its issuing agent.

We have considered and rejected defendant United National's remaining contention. Concur—Buckley, P.J., Mazzarelli, Andrias, Sullivan and Sweeny, JJ.