■ MICHAEL J. MORATH et al., Respondents, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. [853 NYS2d 757]—

Memorandum: Plaintiffs commenced the underlying personal injury action against Susan Milliman seeking damages for injuries sustained by Elizabeth G. Morath (plaintiff) when the vehicle driven by Milliman struck the vehicle driven by plaintiff. At the time of the accident, plaintiff was insured under an automobile liability policy issued by defendant, which included supplementary uninsured/underinsured motorist (SUM) coverage. After plaintiffs settled the underlying action for the limit of Milliman's liability coverage, defendant denied SUM coverage and disclaimed liability based upon plaintiffs' failure to obtain defendant's prior written consent to the settlement, as required by the policy. Plaintiffs thereafter commenced this action seeking a declaration that defendant is obligated to provide SUM coverage.

Supreme Court properly granted plaintiff's cross motion seeking summary judgment declaring that defendant must provide SUM coverage to plaintiffs for the accident in question. The record establishes that, as soon as defendant learned of the settlement, it possessed all of the information necessary to deny coverage and disclaim liability (see Squires v Marini Bldrs., 293 AD2d 808, 810 [2002], lv denied 99 NY2d 502 [2002]; cf. Ace Packing Co., Inc. v Campbell Solberg Assoc., Inc., 41 AD3d 12, 15 [2007]). In view of the failure of defendant to justify its 36-day delay in notifying plaintiffs of its disclaimer, the court properly concluded that the delay was unreasonable as a matter of law (see First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d 64, 70 [2003]; Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co., 27 AD3d 84, 88-90 [2005]; West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co., 290 AD2d 278, 279 [2002], lv denied 98 NY2d 605 [2002]). Present—Smith, J.P., Centra, Fahey, Peradotto and Green, JJ. [See 13 Misc 3d 1241(A), 2006 NY Slip Op 52211(U) (2006).]