In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, GEICO General Insurance Company appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated May 13, 2009, which, after a framed-issue hearing, and upon a determination that its disclaimer of coverage was invalid, granted that branch of the petition which was to permanently stay arbitration.
Ordered that the order is affirmed, with costs.
Contrary to the contention of GEICO General Insurance Company (hereinafter GEICO), the Supreme Court properly determined that its notice of disclaimer on the ground that its insured had not furnished it with timely notice of the incident in question was itself untimely. Indeed, whether GEICO’s delay in disclaiming is measured from the date when it first received notice that its insured’s vehicle was involved in an accident, or from the date when its insured admitted that his wife had been operating his vehicle at the time of the collision, the period of delay was unreasonable as a matter of law (see e.g. First Fin. Ins. Co. v Jeteo Contr. Corp., 1 NY3d 64, 69 [2003]; Morath v New York Cent. Mut. Fire Ins. Co., 49 AD3d 1245, 1246 [2008]; *1079 Sirius Am. Ins. Co. v Vigo Constr. Corp., 48 AD3d 450, 452 [2008]; Matter of Allstate Ins. Co. v Cruz, 30 AD3d 511 [2006]; West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co., 290 AD2d 278, 279 [2002]). GEICO did not establish that the delay was justified by a necessary or diligently conducted investigation into the possible grounds for the disclaimer (see New York City Hous. Auth. v Underwriters at Lloyd’s, London, 61 AD3d 726, 727 [2009]; Quest Bldrs. Group, Inc. v Deco Interior Constr., Inc., 56 AD3d 744 [2008]; Quincy Mut. Fire Ins. Co. v Uribe, 45 AD3d 661, 662 [2007]; McGinnis v Mandracchia, 291 AD2d 484, 485 [2002]; West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co., 290 AD2d at 279).
In view of the foregoing, we need not reach GEICO’s remaining contentions. Mastro, J.P., Santucci, Roman and Sgroi, JJ., concur.