■ TOWER INSURANCE COMPANY OF NEW YORK, Appellant, v NHT OWNERS LLC et al., Respondents, et al., Defendant. [934 NYS2d 703]—

A liability policy that requires an insured to provide notice of

an occurrence to its insurer "as soon as practicable" obligates the insured to give notice of the occurrence within a reasonable period of time (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]). However, we need not reach the question of whether, under all the circumstances, the insureds' notice of claim, 62 days after the occurrence, was timely, where they conducted an inquiry into the underlying accident, and believed there was no liability (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972]) because the court properly held that the notice of disclaimer, after a 33-day period, was untimely as a matter of law (*see* Insurance Law § 3420 [d]; *First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68-69 [2003]; *see e.g. West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co.*, 290 AD2d 278 [2002], *lv denied* 98 NY2d 605 [2002]). The insurer's sole ground for the disclaimer of coverage was the insured's delay in notifying it of the occurrence, which was readily apparent at the time of the notice of claim (*see First Fin. Ins. Co.*, 1 NY3d at 69).

We have considered the insurer's remaining contentions and find them without merit. Concur—Gonzalez, P.J., Mazzarelli, Andrias, Sweeny and Román, JJ. **[Prior Case History: 2010 NY Slip Op 31479(U).]**