■ JORGE MUNOZ et al., Respondents, v CITY OF NEW YORK et al., Defendants, et al., Additional Defendant on Cross Claims. BOARD OF MANAGERS OF REGATTA CONDOMINIUM et al., Third-Party Plaintiffs-Respondents, v ADMIRAL INDEMNITY COMPANY et al., Third-Party Defendants-Appellants. [943 NYS2d 536]—

Order and judgment (one paper), Supreme Court, New York County (Jane S. Solomon, J.), entered August 18, 2011, which, in the third-party action seeking a declaratory judgment, denied the cross motion of third-party defendants Admiral Indemnity Company and Clermont Specialty Managers, Ltd. (collectively, Admiral) for summary judgment, granted the motion of third-party plaintiffs the Board of Managers of Regatta Condominium and Battery Park City Authority (BPCA) (collectively, Regatta) for summary judgment and declared that Admiral was obligated to defend and indemnify them in the underlying personal injury action, unanimously affirmed, with costs.

Admiral's disclaimer of coverage based solely on late notice of claim, issued 43 days after receiving first notification of the occurrence, claim and suit, was unreasonable as a matter of law (*see George Campbell Painting v National Union Fire Ins. Co. of Pittsburgh, PA*, 92 AD3d 104, 106 [2012]; *see also West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co.*, 290 AD2d 278, 279 [2002], *lv denied* 98 NY2d 605 [2002]). Attached to the complaint and notice of loss form was an incident report, which was dated one year earlier, and contained the typed name of Regatta's property manager. Although unsigned, the report, received from Regatta's broker, made the basis for disclaimer "readily apparent" (*Hunter Roberts Constr. Group, LLC v Arch Ins. Co.*, 75 AD3d 404, 409 [2010]), and could have been confirmed in a telephone conversation that was held between Admiral and Regatta's property manager within days of receipt.

Moreover, Admiral's argument that BPCA was not an insured

under the subject policy, based on its exclusion for contractual liability, is unavailing. The exclusion states an exception for an "insured contract," which is defined to include a contract for a lease of premises, and as noted by the motion court, article 19 of the lease provided that Regatta Condominium would indemnify BPCA from bodily injury claims arising from work by the condominium's contractors. Concur—Saxe, J.P., Sweeny, Acosta and Freedman, JJ. [**Prior Case History: 2011 NY Slip Op 32082(U).**]