Order, Supreme Court, New York County (Donna M. Mills, J.), entered June 27, 2013, which granted a motion by defendants NHT Owners LLC and Mallory Management Corp. (collectively NHT) for leave to amend its pleadings to assert a counterclaim for attorneys’ fees, deemed the proposed amended answer annexed to the moving papers served, awarded attorneys’ fees, and directed counsel to appear for an attorneys’ fee hearing, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff, an insurer, brought this action for a judgment declaring that it was not obligated to defend and indemnify NHT in an action that was brought by defendant Robert Riccio. NHT’s answer, dated November 11, 2008, set forth a counterclaim for an award of damages “for the defense of [this] action” and punitive damages on the basis of purported bad faith on plaintiffs part.* By order and judgment entered on June 24, 2010, the court declared that plaintiff was obligated to defend and indemnify NHT in the Riccio action and dismissed the counterclaim. Plaintiff was the only party to appeal from that order, which was affirmed on December 20, 2011 (Tower Ins. Co. of N.Y. v NHT Owners LLC, 90 AD3d 532 [1st Dept 2011]). NHT’s proposed amended counterclaim for defense costs is impermissibly similar to the one that was dismissed by the June 24, 2010 order and judgment. Absent the application of CPLR 5015, “a court determination from which an appeal has not been taken should ‘remain inviolate’ ” (Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 224 [2013]). Although it invokes CPLR 5015, NHT has not even alleged the existence of any ground for relief under the statute, such as excusable default, newly discovered evidence, fraud, or lack of jurisdiction (see CPLR 5015 [a]). Because such grounds are absent, the court’s determination, which effectively vacates the June 2010 order and judgment, was “improper as a matter of law” (see Matter of Huie [Furman], 20 NY2d 568, 572 [1967]).
Concur — Saxe, J.P, Moskowitz, De-Grasse, Feinman and Clark, JJ.

 This pleading refutes NHT’s appellate argument that it “never before made a demand for attorney’s fees [sic].”