In a proceeding, inter alia, to permanently stay arbitration of a claim for underinsured motorist benefits, American Commerce Insurance Company and Mapfre USA appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated April 26, 2016, as, after a hearing, in effect, directed that they shall defend and indemnify their insured, Steven P. Lax, with respect to a certain motor vehicle collision that occurred on April 26, 2012, and stayed the arbitration of the claim for underin-sured motorist benefits pending the exhaustion of payments by them to William Brennan with respect to that motor vehicle collision.
 

 Ordered that the order is affirmed insofar as appealed from, with one bill of costs.
 

 On April 26, 2012, a vehicle owned and operated by William Brennan was struck by a vehicle operated by Steven P. Lax and owned by Hertz Vehicles (hereinafter Hertz). In 2013, Brennan commenced an action in the Supreme Court, Kings County, against Lax and Hertz to recover damages for personal injuries allegedly sustained by him as a result of the accident.
 

 Thereafter, Brennan made a claim with his insurance company, Kemper Independence Insurance Company (hereinafter Kemper), for supplemental underinsured motorists benefits. Kemper commenced the instant proceeding in the Supreme Court, Orange County, to permanently stay arbitration of that claim or, alternatively, for a framed-issue hearing. Among other things, Kemper asserted that, at the time of the accident, Lax was listed as an insured on a policy of insurance issued by the appellants.
 

 A framed-issue hearing was conducted on March 29, 2016. At the conclusion thereof, the Supreme Court found that there was coverage under the policy of insurance issued by the appellants to Lax and that they did not give timely disclaimer based on an exclusion in the policy. Accordingly, the court, in effect, directed, inter alia, that the appellants “shall defend and indemnify” Lax for the accident, and stayed the arbitration pending “the exhaustion of payments” by them to Brennan.
 

 As the Supreme Court properly found, the general coverage provision of the policy issued by the appellants to Lax unambiguously provided coverage (see Handelsman v Sea Ins. Co., 85 NY2d 96, 100 [1994]). Thus, the appellants were obligated to give timely disclaimer based upon a policy exclusion (see Insurance Law § 3420 [d] [2]; Continental Cas. Co. v Stradford, 11 NY3d 443, 449 [2008]; Stout v 1 E. 66th St. Corp., 90 AD3d 898, 901 [2011]). The appellants failed to disclaim in a timely manner (see First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d 64, 69-70 [2003]; Morath v New York Cent. Mut. Fire Ins. Co., 49 AD3d 1245, 1246 [2008]; Sirius Am. Ins. Co. v Vigo Constr. Corp., 48 AD3d 450, 452 [2008]). Accordingly, we affirm the order insofar as appealed from.
 

 Eng, P.J., Rivera, Roman and Connolly, JJ., concur.