Skanska USA Bldg. Inc. v Harleysville Ins. Co. of N.Y. (2023 NY Slip Op 01876)

Skanska USA Bldg. Inc. v Harleysville Ins. Co. of N.Y.

2023 NY Slip Op 01876

Decided on April 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2023

Before: Webber, J.P., Oing, Singh, González, Mendez, JJ. 

Index No. 654696/20 Appeal No. 11 Case No. 2022-01897 

[*1]Skanska USA Building Inc., Plaintiff-Appellant,
v
Harleysville Insurance Company of New York, et al., Defendants-Respondents.

Fabiani Cohen & Hall, LLP, New York (Janet P. Ford of counsel), for appellant.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla (Adonaid C. Medina of counsel), for respondents.

Order, Supreme Court, New York County (Arlene Bluth, J.), entered on or about April 13, 2022, which denied plaintiff's motion for partial summary judgment declaring that defendants were obligated to defend plaintiff and its indemnitees in an underlying action, unanimously affirmed, with costs.
The court properly concluded that the wrap-up exclusion in defendant's policy applied to preclude coverage to plaintiff, an additional insured, in the underlying action. The exclusion provides that coverage "does not apply to 'bodily injury' . . . arising out of . . . your ongoing operations . . . when a consolidated (wrap-up) insurance program has been provided by the prime contractor/project manager or owner of the construction project in which you are involved." The policy defines "you" and "your" as "the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy." Thus, "you" and "your" refers to Fred Geller Electrical, Inc. (Geller), the named insured on the policy. Because the underlying accident arose out of Geller's ongoing operations, and it is undisputed that a wrap-up insurance program had been provided for the construction project, the wrap-up exclusion was triggered, precluding coverage (see Structure Tone, Inc. v National Cas. Co., 130 AD3d 405, 406 [1st Dept 2015]). Contrary to plaintiff's contention, Geller need not have actually enrolled in the wrap-up insurance program in order for the exclusion to apply (see Structure Tone, Inc. v National Cas. Co., 2014 NY Slip Op 30484[U] [Sup Ct, NY County 2014], affd as mod 130 AD3d at 405 [1st Dept 2015]).
However, a triable issue of fact exists as to whether defendant timely disclaimed coverage (see Insurance Law § 3420[d][2]). The timeliness of a disclaimer "generally presents a question of fact unless the basis for denying coverage was or should have been readily apparent before the onset of the delay" (City Univ. of N.Y. v Utica First Ins. Co., 211 AD3d 600, 600 [1st Dept 2022] [internal quotation marks omitted]). Plaintiff failed to show that the existence of the wrap-up insurance program was readily apparent to defendants (id.; cf. Munoz v City of New York, 95 AD3d 648, 648 [1st Dept 2012]; GPH Partners, LLC v American Home Assur. Co., 87 AD3d 843, 844 [1st Dept 2011]). In any event, defendants raised issues of fact regarding the necessity of an investigation and the reasonableness of the delay in denying coverage. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2023