Titan Indus. Servs. Corp. v Navigators Ins. Co. (2024 NY Slip Op 00041)

Titan Indus. Servs. Corp. v Navigators Ins. Co.

2024 NY Slip Op 00041

Decided on January 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 04, 2024

Before: Singh, J.P., Scarpulla, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Index No. 653882/19 Appeal No. 1351 Case No. 2022-05718 

[*1]Titan Industrial Services Corp. et al., Plaintiffs-Appellants,
v
Navigators Insurance Company, Defendant-Respondent.

Kennedys Law LLP, New York (Ann M. Odelson of counsel), for appellants.
Mound Cotton Wollan & Greengrass LLP, New York (Guyon Knight of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered December 16, 2022, which granted defendant Navigators Insurance Company's motion for summary judgment dismissing the complaint as against it and declaring that Navigators was not obligated to provide a defense to plaintiff Titan Industrial Service Corp. in the underlying action, and denied plaintiffs' motion for summary judgment declaring that Navigators was required to defend and indemnify Titan in the underlying action on a primary basis and to reimburse plaintiff Scottsdale Insurance Company for its defense costs incurred in defending Titan, unanimously modified, on the law, Navigators' motion denied, the declaration vacated, and plaintiffs' motion granted to the extent of declaring that Navigators has a duty to defend Titan in the underlying action as an additional insured and to reimburse plaintiffs for defense costs incurred since the date of tender, and otherwise denied, without costs.
Supreme Court should have denied Navigators' motion for summary judgment. Endorsement No. 005 to the policy Navigators issued to the named insured is a separate clause that serves to subtract from coverage rather than to expand it (see Jacobson Family Invs., Inc. v National Union Fire Ins. Co. of Pittsburgh, PA, 129 AD3d 556, 560 [1st Dept 2015], lv denied 27 NY3d 901 [2016]). Furthermore, this Endorsement is explicitly titled "Designated Person(s) or Entities Exclusion" and states that certain entities are "excluded" from coverage. Thus, despite Navigators' position to the contrary, Endorsement No. 005 is a policy exclusion (see Worcester Ins. Co. v Bettenhauser, 95 NY2d 185, 189-190 [2000]). Because Navigators sought to deny coverage based on that policy exclusion, it was required under Insurance Law § 3420(d)(2) to provide written notice of the disclaimer as soon as reasonably possible after receiving Titan's tender in which it sought coverage under as an additional insured (see Markevics v Liberty Mut. Ins. Co., 97 NY2d 646, 648-649 [2001]). Furthermore, the application of this exclusion was obvious and did not require an investigation (see e.g. West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co., 290 AD2d 278, 279 [1st Dept 2002], lv denied 98 NY2d 605 [2002]). We therefore find that Navigators' unexplained delay in disclaiming coverage - seven months after the first tender and almost three months after the second was unreasonable as a matter of law (see id. [finding 30-day delay unreasonable as a matter of law]).
We reject Navigators' contention that it did, in fact, disclaim coverage in an email to Titan's insurance broker. Although the email mentioned the exclusion, it did not unequivocally state that Navigators was disclaiming coverage (Insurance Law § 3420[d][2]; see United States Fid. & Guar. Co. v Treadwell Corp., 58 F Supp 2d 77, 90 [SD NY 1999]). Nor did the email apprise Titan, with the high degree of specificity required, of the ground or grounds on which the disclaimer [*2]was predicated (see Hartford Underwriting Ins. Co. v Greenman-Pederson, Inc., 111 AD3d 562, 563 [1st Dept 2013]).
Supreme Court also should have granted plaintiffs' motion for summary judgment to the extent they sought a declaration that Navigators has a duty to defend Titan in the underlying action as an additional insured. The record in this case —including the allegations in the underlying complaint, the allegations in the third-party complaint, and the information exchanged in discovery — is sufficient to establish a reasonable possibility that the named insured's acts or omissions were a proximate cause of the injuries alleged (see All State Interior Demolition Inc. v Scottsdale Ins. Co., 168 AD3d 612, 613 [1st Dept 2019]; Indian Harbor Ins. Co. v Alma Tower, LLC, 165 AD3d 549, 549 [1st Dept 2018]). As Navigators' duty to defend on a primary basis has been triggered, plaintiffs are also entitled to reimbursement of defense costs incurred from the date on which Navigators received the tender (see Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co., 27 AD3d 84, 94 [1st Dept 2005]).
However, plaintiffs are not entitled, at this stage, to a declaration that Navigators owes Titan a duty to indemnify. While the record is sufficient to establish that Navigators' duty to defend has been triggered, it is not sufficient to establish that
Navigators will ultimately have to indemnify Titan once the litigation has run its course (see Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006]).
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2024