■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v ZEESHAN MAJID et al., Respondents. [773 NYS2d 429]—

In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to defend Zareefa Ayed and Mohammed Ayed in an underlying personal injury action entitled *Majid v Majid,* pending in the Supreme Court, Kings County, under Index No. 41647/00, the plaintiff appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated March 13, 2003, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff is not obligated to defend Zareefa Ayed and Mohammed Ayed in the underlying personal injury action entitled *Majid v Majid,* pending in the Supreme Court, Kings County, under Index No. 41647/00.

The plaintiff New York Central Mutual Fire Insurance Company (hereinafter New York Central) insured a vehicle registered to Zareefa Ayed. In September 1998 her father, Mohammed Ayed, was driving the vehicle when he was involved in a rear-end collision with a Nissan on the New Jersey Turnpike. The Nissan was owned by Razza Majid and operated by Amer Yaqub. A passenger in the Nissan, Zeeshan Majid, subsequently commenced the underlying personal injury action (hereinafter the *Majid* action) against Razza Majid, Zareefa Ayed, Mohammed Ayed, and Amer Yaqub.

New York Central learned of the accident in April 2001, and hired an investigator. On May 30, 2001, Mohammed Ayed gave a signed statement to the investigator in which he stated that he was the only person who operated the vehicle registered to his daughter, that he was using the vehicle as a livery vehicle at the time of the accident and that, prior to the accident, he had dropped off a customer at Newark Airport. New York Central

received the investigator's report and Mohammed Ayed's statement on June 11, 2001. By separate letters dated July 12, 2001, addressed to Zareefa Ayed and Mohammed Ayed, New York Central disclaimed coverage for the accident based on the livery vehicle exclusion in the policy.

New York Central commenced this action, inter alia, for a judgment declaring that it was not obligated to defend Zareefa Ayed and Mohammed Ayed in the *Majid* action, and thereafter moved for summary judgment on the ground that it properly disclaimed coverage based on the livery vehicle exclusion in the policy (*see* 11 NYCRR 60-1.2 [a]). The respondents opposed the motion on the ground that New York Central's delay in issuing the disclaimers between June 11, 2001, when it learned of Mohammed Ayed's statement, and July 12, 2001, was unreasonable as a matter of law, and therefore, the disclaimers of coverage were ineffective. The Supreme Court agreed with the respondents that the disclaimers were untimely issued as a matter of law and denied New York Central's motion for summary judgment. We reverse.

To disclaim liability or deny coverage, New York Central was required to "give written notice as soon as [was] reasonably possible of such disclaimer of liability or denial of coverage" (Insurance Law § 3420 [d]). "The timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage" (*Matter of Allcity Ins. Co. [Jimenez]*, 78 NY2d 1054, 1056 [1991]; *see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64 [2003]).

It is undisputed that New York Central did not learn of the grounds for the disclaimer until June 11, 2001. A casualty examiner employed by New York Central explained that, after the investigator's report was received, the entire file was reviewed and counsel was consulted before the disclaimer letters were issued 31 days later. Under the circumstances of this case, it was not unreasonable for New York Central to consult with counsel regarding the livery vehicle exclusion prior to disclaiming coverage. We conclude that the disclaimer letters were issued within a reasonable time as a matter of law (*see State Farm Mut. Auto. Ins. Co. v Daniels*, 269 AD2d 860 [2000]; *DeSantis Bros. v Allstate Ins. Co.*, 244 AD2d 183, 184 [1997]; *Silk v City of New York*, 203 AD2d 103 [1994]).

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff is not obligated to defend Zareefa Ayed and Mohammed Ayed in the underlying

personal injury action entitled *Majid v Majid,* pending in the Supreme Court, Kings County, under Index No. 41647/00 (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Smith, J.P., Goldstein, H. Miller and Townes, JJ., concur.