■ PENNSYLVANIA LUMBERMANS MUTUAL INSURANCE COMPANY, Appellant, v D & SONS CONSTRUCTION CORP. et al., Respondents, et al., Defendants. [796 NYS2d 122]—

In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant D & Sons

Construction Corporation in an underlying personal injury action entitled *Majlinger v Casino Contracting Corp.*, pending in the Supreme Court, Richmond County, under index No. 12301/01, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Gigante, J.), dated June 4, 2004, which denied its motion for summary judgment and, upon searching the record, awarded summary judgment to the defendant D & Sons Construction Corp. and declared that it is obligated to defend and indemnify that defendant in the underlying action.

Ordered that the order and judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On January 11, 2001, Stanislaw Majlinger sustained personal injuries while working for a subcontractor of the defendant D & Sons Construction Corp. (hereinafter D & Sons). In September 2001 Majlinger commenced the underlying personal injury action to recover damages against, among others, D & Sons. The plaintiff, D & Sons' insurance carrier, first became aware of Majlinger's accident on November 20, 2001, when it received a copy of the answer filed by a codefendant in the underlying action. The plaintiff thereafter retained an investigator to determine when D & Sons first learned of Majlinger's accident. On December 11, 2001, the investigator interviewed D & Sons' project supervisor, Frank Percy, who stated that he first learned of the accident on January 13, 2001, or January 14, 2001, but elected not to notify the plaintiff because Majlinger's employer had its own insurance coverage. D & Sons did not dispute that, upon learning of the accident at that time, it failed to notify the plaintiff. On December 19, 2001, the investigator advised the plaintiff by telephone of the results of its investigation. Nevertheless, the plaintiff did not, in effect, disclaim coverage until 47 days later, on February 4, 2002, when it commenced this action for a judgment declaring that it is not obligated to defend or indemnify D & Sons in connection with the underlying action (*see Generali-U.S. Branch v Rothschild*, 295 AD2d 236, 237-238 [2002]).

The plaintiff subsequently moved for summary judgment based upon D & Sons' failure to provide it with notice of Majlinger's accident. The Supreme Court denied the plaintiff's motion, and, upon searching the record, awarded summary judgment to D & Sons and declared that the plaintiff is obligated to defend and indemnify D & Sons in the underlying action. We affirm.

Where, as here, the contract of primary insurance requires

the insured to notify the carrier "as soon as practicable" of an occurrence which may result in a claim, "the absence of timely notice of an occurrence is a failure to comply with a condition precedent which, as a matter of law, vitiates the contract" (*Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]). However, a carrier waives its affirmative defense of late notice if it fails to disclaim coverage "as soon as is reasonably possible" (Insurance Law § 3420 [d]) after it "first learns of the grounds for disclaimer of liability or denial of coverage" (*Matter of Allcity Ins. Co. [Jimenez]*, 78 NY2d 1054, 1056 [1991]; *accord First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68-69 [2003]; *New York Cent. Mut. Fire Ins. Co. v Majid*, 5 AD3d 447, 448 [2004]). "It is the responsibility of the insurer to explain its delay, and an unsatisfactory explanation will render the delay unreasonable as a matter of law" (*Moore v Ewing*, 9 AD3d 484, 488 [2004]; *see Republic Franklin Ins. Co. v Pistilli*, 16 AD3d 477 [2005]).

Here, at the very latest, the plaintiff first learned of the grounds for disclaimer on December 19, 2001, when its investigator informed it, in no uncertain terms, that D & Sons had been aware of Majlinger's accident as early as January 13, 2001, or January 14, 2001, but elected not to notify it. Instead of promptly disclaiming coverage, however, the plaintiff chose first to consult with counsel, ultimately filing this action some 47 days later. Under these circumstances, the Supreme Court correctly found that the plaintiff's delay in disclaiming coverage was unexcused and unreasonable as a matter of law (*see First Fin. Ins. Co. v Jetco Contr. Corp., supra* at 69-70; *Moore v Ewing, supra*, at 488; *Nationwide Mut. Ins. Co. v Steiner*, 199 AD2d 507 [1993]; *cf. New York Cent. Mut. Fire Ins. Co v Majid, supra*).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., S. Miller, Krausman and Fisher, JJ., concur.