In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v LEE SWINTON, Respondent. CLARENDON NATIONAL INSURANCE COMPANY et al., Proposed Additional Respondents. [811 NYS2d 108]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Kings County (Archer, J.), dated July 1, 2005, which, after a framed issue hearing, denied the petition and, in effect, dismissed the proceeding.

Ordered that the order is reversed, on the law and the facts, with costs, the petition is granted, and the arbitration is permanently stayed.

Under the circumstances of this case, the 34-day delay by proposed additional respondent Clarendon National Insurance Company (hereinafter Clarendon) in issuing a disclaimer was unreasonable (*see Gregorio v J.M. Dennis Constr. Co. Corp.,* 21 AD3d 1056 [2005]; *West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co.,* 290 AD2d 278, 279 [2002]).

The disclaimer was based upon the failure of the insured to notify it of the accident as soon as "reasonably possible" and the fact that the person driving the vehicle at the time of the accident was not listed as a driver on the policy. Clarendon asserted that the delay resulted from the claims adjustor's investigation of whether the insured attempted to notify Clarendon through an insurance agent. However, Clarendon refused to produce at the framed issue hearing the claims adjuster who investigated the claim. The witness produced at the framed issue hearing was unable to state when the insurance

agent was contacted. Therefore, Clarendon's assertion was unsubstantiated (*cf. Structure Tone v Burgess Steel Prods. Corp.*, 249 AD2d 144, 145 [1998]).

Moreover, the fact that the person driving the vehicle at the time of the accident was not listed as a driver on the policy was ascertainable from the policy itself. In any event, Clarendon could have immediately disclaimed based upon lack of notice and thereafter disclaimed in a separate letter on the additional ground that the driver was not listed as an insured driver once that fact was ascertained (*cf. Guberman v William Penn Life Ins. Co. of N.Y.*, 146 AD2d 8, 13-14 [1989]). Crane, J.P., Goldstein, Luciano and Covello, JJ., concur.