◼ MARTIN SCHULMAN et al., Respondents, v INDIAN HARBOR INSURANCE COMPANY, Appellant. [836 NYS2d 682]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in an underlying personal injury action entitled *Salten v Schulman,* commenced in the Supreme Court, Queens County, under index No. 14163/04, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Schulman, J.), entered November 25, 2005, which, upon a decision of the same court dated October 12, 2005, in effect, denied those branches of the defendant's motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) and for summary judgment, granted the plaintiffs' cross motion for summary judgment declaring that the defendant is obligated to defend and indemnify them in the underlying personal injury action, and declared that the defendant is obligated to defend and indemnify the plaintiffs in the underlying personal injury action.

Ordered that the order and judgment is affirmed, with costs.

Insurance Law § 3420 (d) requires an insurer to provide a written disclaimer "as soon as is reasonably possible." The

reasonableness of the delay is measured from the time when the insurer "has sufficient knowledge of facts entitling it to disclaim, or knows that it will disclaim coverage" (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 66 [2003]). The insurer bears the burden of justifying any delay (*id.* at 69). "While Insurance Law § 3420 (d) speaks only of giving notice 'as soon as is reasonably possible,' investigation into issues affecting an insurer's decision whether to disclaim coverage obviously may excuse delay in notifying the policyholder of a disclaimer" (*id.* at 69). The failure of an insured to timely notify the insurer of a claim does not excuse the insurer's failure to timely disclaim coverage (*see Mount Vernon Fire Ins. Co. v Gatesington Equities*, 204 AD2d 419 [1994]).

In the instant case, the defendant's submission of an unsworn letter of its claims analyst, containing hearsay statements of the plaintiff Myron Schulman, who was one of the defendants in the underlying personal injury action, failed to establish that its delay in issuing a disclaimer was reasonable under the circumstances (*see First Fin. Ins. Co. v Jetco Contr. Co., supra; Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028 [1979]). Moreover, the plaintiffs demonstrated that the defendant failed to promptly disclaim coverage for the underlying personal injury action within a reasonable amount of time after learning of facts or circumstances which might provide a reasonable basis for a disclaimer. The Supreme Court thus properly denied that branch of the defendant's motion which was for summary judgment.

Where, as here, the insurance carrier has disclaimed coverage on the ground that its insured failed to comply with the applicable notice requirements, and the insured has offered proof that the disclaimer itself was not issued "as soon as reasonably possible" (Insurance Law § 3420), the burden is upon the insurance carrier to establish that the delay, if any, was reasonably related to its completion of a thorough and diligent investigation (*see First Fin. Ins. Co. v Jetco Contr. Co., supra; Hartford Ins. Co. v County of Nassau, supra; DeSantis Bros. v Allstate Ins. Co.*, 244 AD2d 183 [1997]; *Mount Vernon Fire Ins. Co. v Gatesington Equities, supra*). Based on the record before us, we conclude that defendant failed to satisfactorily establish that the delay in disclaiming was occasioned by its need to conduct a thorough and diligent investigation. The complaint in the underlying personal injury action, and the circumstances surrounding the initial cursory inquiry by the defendant's claims analyst, provided sufficient indicia that the insured may have breached the applicable notice requirements, or that a more

thorough investigation would have revealed whether that was so (see Mount Vernon Fire Ins. Co. v Gatesington Equities, supra; Mount Vernon Fire Ins. Co. v Unjar, 177 AD2d 480 [1991]). The defendant's conduct is thus indicative of a failure to disclaim as soon as reasonably possible (see Matter of Colonial Penn Ins. Co. v Pevzner, 266 AD2d 391 [1999] [delay of 41 days is unreasonable as a matter of law]; Matter of Nationwide Mut. Ins. Co. v Steiner, 199 AD2d 507 [1993] [same]). Accordingly, the Supreme Court properly granted the plaintiffs' cross motion for summary judgment declaring that the defendant is obligated to defend and indemnify them in the underlying personal injury action.

The defendant's remaining contentions are without merit. Crane, J.P., Goldstein, Lifson and Carni, JJ., concur.