■ DELPHI RESTORATION CORPORATION et al., Respondents, v SUNSHINE RESTORATION CORPORATION, Defendant, and UTICA FIRST INSURANCE COMPANY, Appellant. [841 NYS2d 684]—

In an action, inter alia, for a judgment declaring that the defendant Utica First Insurance Company is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Kaplan v Dorchester Towers Tenants Council, Inc.*, pending in the Supreme Court, New York County, under index No. 110743/03, the defendant Utica First Insurance Company appeals from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated January 18, 2006, as denied that branch of its motion which was for summary judgment declaring that it is not obligated to defend and indemnify and granted the plaintiffs' cross motion for summary judgment on that cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant Utica First Insurance Company is obligated to defend and indemnify the plaintiffs in the underlying action entitled *Kaplan v Dorchester Towers Tenants Council, Inc.*, pending in the Supreme Court, New York County, under index No. 110743/03.

Insurance Law § 3420 (d) requires an insurer to provide a written disclaimer "as soon as is reasonably possible." The reasonableness of any delay in providing such written disclaimer is measured from the time when the insurer "has sufficient knowledge of facts entitling it to disclaim, or knows that it will disclaim coverage" (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 66 [2003]). The insurer bears the burden of justifying any delay (*id.* at 69). "While Insurance Law § 3420 (d) speaks only of giving notice 'as soon as is reasonably possible,' investigation into issues affecting an insurer's decision whether to disclaim coverage obviously may excuse delay in notifying the policyholder of a disclaimer" (*id.*). The failure of an insured to timely notify the insurer of a claim does not excuse the insurer's failure to timely disclaim coverage (*see Mount Vernon Fire Ins. Co. v Gatesington Equities*, 204 AD2d 419 [1994]). The Supreme Court properly found that the appellant's 43-day delay in disclaiming coverage in the instant case was unreasonable as a matter of law (*see Matter of Colonial Penn Ins. Co. v Pevzner*, 266 AD2d 391 [1999]; *Matter of Nationwide Mut. Ins. Co. v Steiner*, 199 AD2d 507 [1993]; *cf. New York Cent. Mut. Fire Ins. Co. v Majid*, 5 AD3d 447 [2004]).

The appellant's remaining contention is unpreserved for appellate review (*see New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, 5 AD3d 568, 571 [2004]) and, in any event, is without merit.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment declaring that the appellant is obligated to defend and indemnify the plaintiffs in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]). Schmidt, J.P., Santucci, Skelos and Balkin, JJ., concur.