■ QUINCY MUTUAL FIRE INSURANCE COMPANY, Appellant, v LUIS ALBERTO URIBE et al., Respondents. [845 NYS2d 434]—

In an action for a judgment declaring that the plaintiff was not obligated to defend and indemnify its insureds, Luis Alberto Uribe and Alan Uribe, in an action entitled *Augustine v Uribe*, pending in the Supreme Court, Queens County, under index No. 14708/05, the plaintiff appeals from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Nelson, J.), dated May 4, 2007, as denied its motion for summary judgment, granted the cross motion of the defendant Dorothy Augustine for summary judgment, and declared that the plaintiff was obligated to defend and indemnify its insureds in the underlying action.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

Insurance Law § 3420 (d) requires an insurance carrier to give its insured and the injured party written notice of a disclaimer of coverage as soon as is reasonably possible. "An 'insurer's failure to provide notice as soon as is reasonably possible precludes effective disclaimer, even [where] the policy holder's own notice of the incident to its insurer is untimely' (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 67 [2003])" (*Matter of New York Cent. Mut. Fire Ins. Co. v Aguirre*, 7 NY3d 772, 774 [2006]). Where there is a delay in providing the written notice of disclaimer, the burden rests on the insurance company to explain the delay (see *First Fin. Ins. Co. v Jetco*

*Contr. Corp.*, 1 NY3d 64 [2003]; *Matter of Allstate Ins. Co. v Cruz*, 30 AD3d 511 [2006]; *Pennsylvania Lumbermans Mut. Ins. Co. v D & Sons Constr. Corp.*, 18 AD3d 843 [2005]). When the explanation offered for the delay is an assertion that there was a need to investigate issues that will affect the decision on whether to disclaim, the burden is on the insurance company to establish that the delay was reasonably related to the completion of a necessary, thorough, and diligent investigation (*see Schulman v Indian Harbor Ins. Co.*, 40 AD3d 957 [2007]).

Here, the defendant Dorothy Augustine established her prima facie entitlement to judgment as a matter of law, and the plaintiff failed to raise a triable issue of fact. The plaintiff failed to submit evidence demonstrating that an investigation was necessary and that it diligently pursued and completed any investigation that was undertaken. The deposition testimony of its assistant manager of litigation established only that the assistant manager noted the late notice issue as soon as she reviewed the notice of claim on August 26, 2005, that she directed an investigator to obtain a signed nonwaiver agreement from the insured, and after the nonwaiver agreement was obtained on September 13, 2005, she retained counsel who commenced the declaratory judgment action. Without an affidavit of the assistant manager, an affidavit from the investigator, a copy of any investigative report, or a copy of a statement obtained from its insured, the plaintiff failed to support its claimed explanation with proof the investigation was necessary and diligently performed (*see Matter of Temple Constr. Corp. v Sirius Am. Ins. Co.*, 40 AD3d 1109 [2007]; *see also Matter of Allstate Ins. Co. v Swinton*, 27 AD3d 462 [2006]; *Republic Franklin Ins. Co. v Pistilli*, 16 AD3d 477 [2005]). Rivera, J.P., Covello, Angiolillo and Dickerson, JJ., concur.