*745 In an action, inter alia, for a judgment declaring that the defendant Burlington Insurance Company is obligated to defend and indemnify the plaintiffs in an underlying action entitled McDermott v Prospective, LLC, pending in Supreme Court, New York County,, under index No. 113906/04, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (LaMarca, J.), dated October 19, 2007, as denied their motion for summary judgment declaring that the defendant Burlington Insurance Company is obligated to defend and indemnify them in the underlying action, and (2) so much of an order of the same court dated April 4, 2008, as, upon reargument, adhered to the original determination denying their motion, and the defendant Burlington Insurance Company cross-appeals, as limited by its brief, from so much of the order dated October 19, 2007, as denied its cross motion for summary judgment declaring that it was not obligated to defend or indemnify the plaintiffs in the underlying action. The cross appeal brings up for review so much of the order dated April 4, 2008, as, upon reargument, adhered to the original determination denying the cross motion of the defendant Burlington Insurance Company for summary judgment (see CPLR 5517 [b]).
Ordered that the appeal and cross appeal from the order dated October 19, 2007, are dismissed, as that order was superseded by the order dated April 4, 2008, made upon reargument; and it is further,
Ordered that the order dated April 4, 2008, is reversed insofar as appealed from, on the law, upon reargument, the original determination in the order dated October 19, 2007, denying the plaintiffs’ motion for summary judgment declaring that the defendant Burlington Insurance Company was obligated to defend and indemnify them in the underlying action is vacated, and thereupon, the plaintiffs’ motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter aha, declaring that the defendant Burlington Insurance Company is obligated to defend and indemnify the plaintiffs in the underlying action; and it is further,
Ordered that the order dated April 4, 2008, is affirmed insofar as reviewed on the cross appeal; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs.
The plaintiffs commenced this action, inter alia, for a judgment declaring that the defendant Burlington Insurance *746 Company (hereinafter Burlington) is obligated to defend and indemnify them in an underlying action entitled McDermott v Prospective, LLC, pending in Supreme Court, New York County, under index No. 113906/04 (hereinafter the underlying action). The plaintiff Quest Builders Group, Inc. (hereinafter Quest), is an additional insured under a policy issued by Burlington to the defendant Deco Interior Construction, Inc. (hereinafter Deco). Burlington denied coverage on the ground that the notice of claim was untimely, and based on a policy exclusion for injuries to employees of Deco. (The plaintiff in the underlying action was an employee of Deco.) The plaintiffs moved for summary judgment declaring that Burlington was obligated to defend and indemnify them in the underlying action, and Burlington cross-moved for summary judgment declaring that it was not so obligated. The Supreme Court denied the motion and cross motion and, upon reargumerit, adhered to those determinations.
Upon reargument, the Supreme Court erred in adhering to its original determination denying the plaintiffs’ motion for summary judgment declaring that Burlington was obligated to defend and indemnify them in the underlying action. The plaintiffs demonstrated a prima facie entitlement to judgment as a matter of law with evidence that Burlington’s delay in issuing a disclaimer of coverage was unreasonable as a matter of law, and that, consequently, Burlington was precluded from disclaiming coverage based on a late notice of claim or a policy exclusion (see Insurance Law § 3420 [d]; Tex Dev. Co., LLC v Greenwich Ins. Co., 51 AD3d 775 [2008]; Sirius Am. Ins. Co. v Vigo Constr. Corp., 48 AD3d 450 [2008]; Liberty Mut. Fire Ins. Co. v National Cas. Co., 47 AD3d 770 [2008]; Quincy Mut. Fire Ins. Co. v Uribe, 45 AD3d 661 [2007]; Matter of Allstate Ins. Co. v Swinton, 27 AD3d 462 [2006]). In opposition, Burlington failed to raise a triable issue of fact as to whether the delay was reasonably related to the completion of a necessary, thorough, and diligent investigation, or whether there was any other satisfactory explanation for the delay (see Quincy Mut. Fire Ins. Co. v Uribe, 45 AD3d 661 [2007]; Tully Constr. Co., Inc. v TIG Ins. Co., 43 AD3d 1150 [2007]).
The parties’ remaining contentions are without merit.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that Burlington is obligated to defend and indemnify the plaintiffs in the underlying action (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Skelos, J.E, Ritter, Garni and Dickerson, JJ., concur.