■ NEW YORK CITY HOUSING AUTHORITY, Appellant, v UNDERWRITERS AT LLOYD'S, LONDON, Respondent. (And a Third-Party Action.) [877 NYS2d 193]—

In an action for a judgment declaring that the defendant is

obligated to defend and indemnify the plaintiff and to reimburse the plaintiff for all reasonable attorney's fees and disbursements incurred in the defense of an underlying action entitled *Piliotis v City of New York*, pending in the Supreme Court, Kings County, under index No. 20226/03, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruditzky, J.), dated May 1, 2007, which denied its motion for summary judgment on the complaint with leave to renew following the filing of a note of issue and statement of readiness.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff and to reimburse the plaintiff for all reasonable attorney's fees and disbursements incurred in the defense of the underlying action entitled *Piliotis v City of New York*, pending in the Supreme Court, Kings County, under index No. 20226/03.

Contrary to the defendant's contention, the Supreme Court erred in denying the plaintiff's motion for summary judgment awarding it declaratory relief. The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that the defendant did not disclaim coverage on the ground of late notice until more than three months after the plaintiff sent notice of the claim to it, and 73 days after the plaintiff turned over the file in the underlying case to it, thereby failing to provide notice of its disclaimer "as soon as is reasonably possible" (Insurance Law § 3420 [d]; *see Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029 [1979]). In opposition, the defendant failed to raise a triable issue of fact by asserting that the delay was necessitated by its investigation of the claim, since the ground for the disclaimer was apparent, at the latest, when the defendant received the case file (*see e.g. First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 69 [2003]; *Delphi Restoration Corp. v Sunshine Restoration Corp.*, 43 AD3d 851 [2007]; *Matter of Allstate Ins. Co. v Cruz*, 30 AD3d 511 [2006]; *Gregorio v J.M. Dennis Constr. Co. Corp.*, 21 AD3d 1056 [2005]; *Pennsylvania Lumbermans Mut. Ins. Co. v D & Sons Constr. Corp.*, 18 AD3d 843 [2005]; *West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co.*, 290 AD2d 278 [2002]). Moreover, the defendant did not establish the need for the investigation, nor did it provide detailed information demonstrating that the investigation was conducted diligently (*see Quest Bldrs. Group, Inc. v Deco Interior Constr., Inc.*, 56 AD3d 744 [2008]; *Quincy Mut. Fire Ins. Co. v Uribe*, 45 AD3d 661, 662 [2007]; *Matter of Temple Constr. Corp. v Sirius Am. Ins. Co.*, 40 AD3d 1109 [2007]). Since

any purported failure on the part of the plaintiff to provide the defendant with timely notice of the underlying claim did not excuse the defendant's unreasonable delay in disclaiming (*see Schulman v Indian Harbor Ins. Co.*, 40 AD3d 957, 958 [2007]; *Matter of Blue Ridge Ins. Co. v Cook*, 301 AD2d 598, 600 [2003]; *Wasserheit v New York Cent. Mut. Fire Ins. Co.*, 271 AD2d 439 [2000]), the plaintiff is entitled to a declaration that the defendant is obligated to defend and indemnify it and to reimburse it for all reasonable attorney's fees and disbursements incurred in the defense of the underlying action.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment in accordance herewith (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Santucci, Dickerson and Leventhal, JJ., concur.