233 EAST 17TH STREET, LLC, Appellant, v L.G.B. DEVELOPMENT, INC., Defendant, and MT. HAWLEY INSURANCE CO., Respondent. [913 NYS2d 110]—

In an action, inter alia, for a judgment declaring that the plaintiff is an additional insured under an insurance policy issued by the defendant Mt. Hawley Insurance Co. and that the defendant Mt. Hawley Insurance Co. is obligated to defend and indemnify the plaintiff in an underlying action entitled *Rogowski v 233 E. 17th St., LLC*, commenced in the Supreme Court, Queens County, under index No. 16676/06, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Markey, J.), dated June 29, 2009, as denied its renewed motion for summary judgment declaring, inter alia, that the defendant Mt. Hawley Insurance Co. is obligated to defend and indemnify it in the underlying action, and granted the renewed cross motion of the defendant Mt. Hawley Insurance Co. for summary judgment declaring that it is not so obligated.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the renewed cross motion of the defendant Mt. Hawley Insurance Co. for summary judgment declaring that it is not obligated to defend and indemnify the plaintiff in the underlying action, and substituting therefor a provision denying the renewed cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In this action, the plaintiff seeks indemnification as an additional insured under a policy issued by the defendant Mt. Hawley Insurance Co. (hereinafter Mt. Hawley) to the plaintiff's construction manager as the primary insured. The plaintiff was

obligated to give timely notice of its claim to Mt. Hawley pursuant to the terms of the insurance policy (*see Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440-441 [1972]). The policy at issue here provides that any insured "must see to it that [Mt. Hawley] receive[s] written notice of the claim or 'suit' as soon as practicable." In accordance with the law in effect at the time the policy was issued, "the fact that an insurer may have received notice of the claim from the primary insured, or from another source, does not excuse an additional insured's failure to provide notice" (*City of New York v St. Paul Fire & Mar. Ins. Co.*, 21 AD3d 978, 981 [2005]; *cf.* Insurance Law § 3420 [a] [3]).

In support of its renewed motion for summary judgment, the plaintiff submitted evidence that, on June 5, 2006, it learned of the occurrence giving rise to its notice of claim, and that on October 3, 2006, its own insurance carrier wrote to Mt. Hawley on the plaintiff's behalf, requesting that Mt. Hawley defend and indemnify the plaintiff in the underlying action. After receiving no response, the plaintiff's insurer sent another such letter dated December 4, 2006. In opposition to the motion and in support of Mt. Hawley's renewed cross motion for summary judgment, Mt. Hawley submitted evidence that it never received the first letter, but had received and responded to the second letter on December 19, 2006, disclaiming coverage on the ground that the primary insured had breached a condition precedent under the policy which voided coverage for the claim, or alternatively, on the ground that the plaintiff failed to give timely notice of the claim.

Contrary to the reasoning of the Supreme Court, Mt. Hawley's first stated ground, that the primary insured had breached a condition precedent under the policy which voided coverage, was not sufficient for disclaiming coverage as to the plaintiff. Each individual additional insured must be treated as if it had a separate policy of its own with the insurer (*see Greaves v Public Serv. Mut. Ins. Co.*, 5 NY2d 120, 124-125 [1959]; *BMW Fin. Servs. v Hassan*, 273 AD2d 428, 429 [2000]), and here there is no evidence that the plaintiff breached the particular condition precedent upon which Mt. Hawley relies.

With regard to the second stated ground for Mt. Hawley's disclaimer, that the plaintiff failed to give timely notice of the claim, the parties' submissions raise a triable issue of fact regarding the date when Mt. Hawley received the plaintiff's notice of claim. Even if Mt. Hawley received the first letter in October 2006, however, the plaintiff failed in its obligation to

give timely notice. The plaintiff's delay of nearly four months after becoming aware of the claim against it, in the absence of an excuse or mitigating factors, is unreasonable as a matter of law (*see Evangelos Car Wash, Inc. v Utica First Ins. Co.*, 45 AD3d 727, 727 [2007]; *Steinberg v Hermitage Ins. Co.*, 26 AD3d 426, 427 [2006]; *Figueroa v Utica Natl. Ins. Group*, 16 AD3d 616, 617 [2005]; *cf.* Insurance Law § 3420 [a] [5]).

Nevertheless, to effectively disclaim coverage, Mt. Hawley was required to give written notice of disclaimer "as soon as is reasonably possible" (Insurance Law § 3420 [d] [2]; *see Handelsman v Sea Ins. Co.*, 85 NY2d 96, 99 [1994]; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029 [1979]). Contrary to Mt. Hawley's contention, it was required to give timely notice of disclaimer pursuant to Insurance Law § 3420 (d), even though the letter requesting a defense and indemnity was sent by the plaintiff's insurance carrier on behalf of the plaintiff (*see J.T. Magen v Hartford Fire Ins. Co.*, 64 AD3d 266, 269 [2009]; *Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co.*, 27 AD3d 84 [2005]). Moreover, where, as here, the insured fails to provide timely notice of the underlying claim, the late notice of claim does not excuse the insurer's unreasonable delay in disclaiming coverage (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 67 [2003]; *New York City Hous. Auth. v Underwriters at Lloyd's, London*, 61 AD3d 726, 727 [2009]; *Schulman v Indian Harbor Ins. Co.*, 40 AD3d 957, 958 [2007]). "[T]he issue of whether a disclaimer was unreasonably delayed is generally a question of fact, requiring an assessment of all relevant circumstances" (*Felice v Chubb & Son, Inc.*, 67 AD3d 861, 862 [2009]; *see Continental Cas. Co. v Stradford*, 11 NY3d 443, 449 [2008]). However, "an insurer's explanation [for the delay in disclaiming] is insufficient as a matter of law where the basis for denying coverage was or should have been readily apparent before the onset of the delay" (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d at 69).

Here, a triable issue of fact exists regarding the timeliness of Mt. Hawley's disclaimer given the factual dispute concerning the date upon which Mt. Hawley received the plaintiff's notice of claim. Upon receipt of the notice, whether in October or December 2006, the grounds for disclaiming were apparent because the notice was untimely. The only excuse Mt. Hawley tendered for disclaiming coverage on December 19, 2006, was its claim that it did not receive the October notice, which remains a triable issue of fact. If it is ultimately determined that Mt. Hawley received the notice dated October 3, 2006, its unexplained delay in disclaiming coverage on December 19,

2006, would be untimely as a matter of law (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d at 70; *Hartford Ins. Co. v County of Nassau*, 46 NY2d at 1029; *Matter of New York Cent. Mut. Fire Ins. Co. v Steiert*, 68 AD3d 1120, 1121-1122 [2009]). Accordingly, triable issues of fact preclude granting summary judgment in favor of either party, and the Supreme Court erred in granting Mt. Hawley's renewed cross motion for summary judgment declaring that it was not obligated to defend and indemnify the plaintiff in the underlying action. Rivera, J.P., Angiolillo, Roman and Sgroi, JJ., concur.