■ MACIT OKUMUS, Respondent, v NATIONAL SPECIALTY INSURANCE COMPANY, Appellant. [977 NYS2d 338]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify The Living Room Steak House, Inc., doing business as The Living Room Steak House and Lounge, in an underlying action entitled *Okumus v The Living Room Steak House, Inc.*, commenced in the Supreme Court, Kings County, under index No. 22790/09, the defendant appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated September 30, 2011, which granted the plaintiff's motion for summary judgment declaring that it was so obligated and denied its cross motion for summary judgment declaring that it was not so obligated.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for entry of a judgment declaring that the defendant is obligated to defend and indemnify The Living Room Steak House, Inc., doing business as The Living Room Steak House and Lounge, in the underlying action.

Insurance Law § 3420 (d) requires an insurance carrier to give its insured and the injured party written notice of a disclaimer of coverage as soon as is reasonably possible. Where there is a delay in providing the written notice of disclaimer, the burden rests on the insurance company to explain the delay (*see First Fin. Ins. Co. v Jetco Contr. Corp.* 1 NY3d 64 [2003]; *Quincy Mut. Fire Ins. Co. v Uribe*, 45 AD3d 661 [2007]; *Matter of Allstate Ins. Co. v Cruz*, 30 AD3d 511 [2006]; *Pennsylvania Lumbermans Mut. Ins. Co. v D & Sons Constr. Corp.*, 18 AD3d 843 [2005]). When the explanation offered for the delay is an assertion that there was a need to investigate issues that will affect the decision on whether to disclaim, the burden is on the insurance company to establish that the delay was reasonably related to the completion of a necessary, thorough, and diligent investigation (*see Quincy Mut. Fire Ins. Co. v Uribe*, 45 AD3d at 662; *Schulman v Indian Harbor Ins. Co.*, 40 AD3d 957 [2007]).

Contrary to the defendant's contention, the Supreme Court properly granted the plaintiff's motion for summary judgment. The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that the defendant failed to provide notice of its disclaimer "as soon as is reasonably possible" (Insurance Law § 3420 [d]; *see Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029 [1979]; *Matter of New York Cent. Mut. Fire Ins. Co. v Ramirez*, 76 AD3d 1078 [2010]). In opposition, the defendant failed to raise a triable issue of fact as to whether the delay was justified by a necessary or diligently conducted investigation into the possible grounds for the disclaimer (*see Matter of New York Cent. Mut. Fire Ins. Co. v Ramirez*, 76 AD3d at 1078-1079; *New York City Hous. Auth. v Underwriters at Lloyd's, London*, 61 AD3d 726, 727 [2009]; *Quest Bldrs. Group, Inc. v Deco Interior Constr., Inc.*, 56 AD3d 744 [2008]; *Quincy Mut. Fire Ins. Co. v Uribe*, 45 AD3d at 662).

In view of the foregoing, we need not reach the defendant's remaining contentions.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is obligated to defend and indemnify The Living Room Steak House, Inc., doing business as The Living Room Steak House and Lounge, in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.