Basden v Liberty Lines Tr., Inc. (2023 NY Slip Op 00050)

Basden v Liberty Lines Tr., Inc.

2023 NY Slip Op 00050

Decided on January 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 10, 2023

Before: Acosta, P.J., Webber, Moulton, Shulman, Higgitt, JJ. 

Index No. 22051/13E Appeal No. 17052-17053 Case No. 2021-04808, 2021-04809 

[*1]Nanette Basden, Plaintiff-Appellant-Respondent,
v
Liberty Lines Transit, Inc., et al., Defendants-Respondents-Appellants.

Michael Gunzburg P.C., New York (Michael Gunzburg of counsel), for appellant-respondent.
Carol R. Finocchio, Water Mill, for respondents-appellants.

Judgment, Supreme Court, Bronx County (Julia Rodriguez, J.), entered October 15, 2021, after a jury trial on damages, awarding plaintiff $140,000 for past pain and suffering, $50,000 for future pain and suffering over 10 years, and $110,000 for future medical expenses, unanimously reversed, on the law, without costs, the judgment vacated, and the matter remanded for a new trial on damages.
Although the MRI films taken of plaintiff in 2002 in connection with a prior accident were not produced at trial, the reports from those films were properly admitted as secondary evidence, as the affidavit of an employee of the MRI facility sufficiently explained that the MRI films were unavailable due to a routine destruction of medical records (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 644 [1994]; Dhillion v Bryant Assoc., 26 AD3d 155, 157 [1st Dept 2006]). The physician who read the films and prepared the reports testified that the reports were written by him as part of his custom and practice in reading films, and was available for cross examination at trial (compare Murphy v Columbia Univ., 4 AD3d 200, 203 [1st Dept 2004]). Similarly, the IME report from the prior accident was properly admitted because the requisite foundation was laid through the testimony of the examining physician, who was subject to cross examination.
The court, however, should not have allowed into evidence the operative and pathology reports from the 2002 surgical procedure that were contained in the file of the no-fault insurance carrier. While the no-fault file was properly admitted as a business record under CPLR 4518(a), the reports therein were not created by the carrier and, thus, were inadmissible (see West Val. Fire Dist. No. 1 v Village of Springville, 294 AD2d 949, 950 [4th Dept 2002]; Standard Textile Co. v National Equip. Rental, 80 AD2d 911, 911 [2d Dept 1981]). There was no evidence of a relationship between the carrier and the surgeon or the hospital where the procedure was performed so as to permit the reports to remain as part of the carrier's file (compare People v Cratsley, 86 NY2d 81, 90-91 [1995]; Merrill Lynch Bus. Fin. Servs. Inc. v Trataros Constr., Inc., 30 AD3d 336, 337 [1st Dept 2006], lv denied 7 NY3d 715 [2006]; Hochhauser v Electric Ins. Co., 46 AD3d 174, 180-183 [2d Dept 2007]).
Plaintiff's contention that the court erred in precluding a video depicting the accident is unpreserved. The court, however, erred in disallowing plaintiff to introduce eyewitness testimony of the accident, as such would have aided the jury in assessing the severity of the impact between the bus and plaintiff, and therefore her alleged injuries.
Because the above errors, taken together, were not harmless, a new trial on
damages is required (see Murphy, 4 AD3d at 203). In view of the foregoing, the issue of the adequacy of the award is academic.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 10, 2023