Scottsdale Ins. Co. v Casino Dev. Group, Inc. (2023 NY Slip Op 02855)

Scottsdale Ins. Co. v Casino Dev. Group, Inc.

2023 NY Slip Op 02855

Decided on May 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 30, 2023

Before: Renwick, A.P.J., Webber, Oing, Singh, Kennedy, JJ. 

Index No. 656275/18 Appeal No. 269-270 Case No. 2022-01895, 2022-05238 

[*1]Scottsdale Insurance Company, Plaintiff-Appellant-Respondent,
v
Casino Development Group, Inc., et al., Defendants-Respondents, Toll First Avenue, LLC, et al., Defendants-Respondents-Appellants, S.N.A. Concrete Pumping Corp., Defendant. 

Kennedys CMK LLP, New York (Ann M. Odelson of counsel), for appellant-respondent.
Hannum Feretic Prendergast & Merlino, LLP, New York (Michael J. White of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Debra A. James, J.), entered on or about April 11, 2022, which denied plaintiff Scottsdale Insurance Company's (Scottsdale) motion for summary judgment on its second cause of action seeking a declaration that the commercial excess liability policy issued to defendant Casino Development Group, Inc. (Casino) is rescinded, denied Scottsdale's motion for summary judgment on its first cause of action seeking a declaration that Scottsdale has no obligation to defend or indemnify Casino in the underlying action, without prejudice to move again should the second cause of action be denied, and denied additional insured defendants' (collectively, Toll defendants) motion for partial summary judgment seeking a declaration that Scottsdale is required to provide insurance coverage and indemnify Toll First Avenue, LLC and Toll GC, LLC in the underlying action pursuant to the commercial excess liability policy, with leave to move again should the second cause of action be denied, unanimously modified, on the law, to grant the Toll defendants' motion for summary judgment as to the first cause of action, and otherwise affirmed. Appeals from order, same court and Justice, entered November 14, 2022, which, to the extent appealed from, granted Scottsdale's motion for leave to reargue and, upon reargument, adhered to the prior determination, unanimously dismissed, without costs, as academic.
Supreme Court should have granted summary judgment to the Toll defendants on Scottsdale's first cause of action seeking a declaration that Scottsdale had no duty to defend or indemnify any insured under the policy at issue. Scottsdale should have conducted an investigation upon receiving a copy of the Trade Subcontract, which described the building project at issue as "residential." Even if this failure to investigate were justified, Scottsdale does not explain when its monitoring counsel had completed his evaluation of the underlying litigation or the necessity of any subsequent delay in disclaiming (see Matter of Temple Constr. Corp. v Sirius Am. Ins. Co., 40 AD3d 1109, 1112 [2d Dept 2007] [insurer failed to establish reasonableness of 47-day delay in disclaiming, even though some investigation was warranted]). Scottsdale thus failed to meet its burden to show that its delay was reasonably related to necessary, prompt, and diligent investigation (see New York City Hous. Auth. v Underwriters at Lloyd's, London, 61 AD3d 726, 727 [2d Dept 2009]; Quincy Mut. Fire Ins. Co. v Uribe, 45 AD3d 661 [2d Dept 2007]). Therefore, Scottsdale's disclaimer was untimely as a matter of law (see Mann v Gulf Ins. Co, 3 AD3d 554, 556 [2d Dept 2004]). Accordingly, unless the insurance policy is void ab initio under the second cause of action, Scottsdale is required to provide insurance coverage as to the DaSilva action.
The court properly denied Scottsdale summary judgment on its second cause of action for a declaration that the commercial excess liability policy [*2]is rescinded as void ab intio. Scottdale failed to establish prima facie that Casino made material misrepresentations of fact on its insurance application, as the unsigned application is inadmissible under the best evidence rule (see generally Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 643-644 [1994]). Scottsdale contends that Casino's unsigned insurance application is admissible based upon the affidavit of its underwriter averring that the document was maintained in the regular course of Scottsdale's business (see CPLR 4518[a]). However, Scottsdale offered no evidence that Casino was the source of the information contained in the application (see Basden v Liberty Lines Tr., Inc., 212 AD3d 427, 428 [1st Dept 2023]). Since Scottsdale proffered no evidence as to the person relied upon for the completion of the application, the application did not provide the " 'sufficient indicia of reliability' " necessary for the representative of one entity to lay a business records foundation for the records of another (Wells Fargo Bank, N.A. v Jones, 139 AD3d 520, 521-522 [1st Dept 2016], quoting One Step Up, Ltd. v Webster Bus. Credit Corp., 87 AD3d 1, 11 [1st Dept 2011]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 30, 2023