**Cerros v New York City Tr. Auth.**

2024 NY Slip Op 33116(U)

September 6, 2024

Supreme Court, New York County

Docket Number: Index No. 153784/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**

*Justice*

PART 33M

---------------------------------------------------------------------X

MAURICIO CERROS, ENMA CERROS,

Plaintiff,

- v -

NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY, THE CITY OF NEW YORK, TULLY CONSTRUCTION CO. INC.,WALSH CONSTRUCTION COMPANY II, LLC,FELDMAN LUMBER-US LBM, LLC,

Defendant.

---------------------------------------------------------------------X

NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY, THE CITY OF NEW YORK

Plaintiff,

-against-

FELDMAN LUMBER-US LBM, LLC

Defendant.

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153784/2021 |
| MOTION DATE | 08/31/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595079/2023

The following e-filed documents, listed by NYSCEF document number (Motion 004) 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 147, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161

were read on this motion to/for     CONSOLIDATE/JOIN FOR TRIAL     .

Upon the foregoing documents, Plaintiffs Mauricio Cerros and Enma Cerros (collectively "Plaintiffs") motion to consolidate this action with actions pending under Index Numbers 160593/2023 and 160736/2023 is granted.

This is an action alleging injuries arising from violations of the New York Labor Law. Plaintiff was injured when an allegedly unsecured stack of lumber collapsed and fell on him. Plaintiff now seeks to consolidate this action with two other actions that he has initiated against

153784/2021 CERROS, MAURICIO vs. NEW YORK CITY TRANSIT
Motion No. 004

Page 1 of 6

various other defendants. The other defendants in the actions to be consolidated allegedly supplied and stacked the lumber which injured Plaintiff.

Plaintiff argues that consolidation here is appropriate as all defendants spread across the three actions may have played some role in causing Plaintiff's injury. Plaintiff argues that consolidation will preserve judicial economy and avoid duplicity, delay, and unnecessary costs. Plaintiff further argues there are common questions of law and fact since all defendants are named in relation to Plaintiff's accident when the lumber crashed down on him. Plaintiff further argues there will be no prejudice to any party from consolidation. Hofer Log & Lumber LLC ("Hofer"), a defendant in the related action bearing index number 160593/2023 filed a partial opposition. Hofer argues that it does not oppose consolidation but would like an opportunity to depose Plaintiff on liability and requests the right to depose any other party which has already been deposed. Safeguard Inc., ("Safeguard") a defendant in the related action bearing index number 160736/2023 filed opposition. Safeguard's opposition is more on the merits of its defense rather than whether consolidation is proper. Safeguard argues that there is no evidence that it is necessary in the prosecution of plaintiffs claim and simply argues the multiplicity of actions are a result of a fishing expedition.

Consolidation is appropriate where it involves the same plaintiff and where the actions arise from the same incident (*Williams v Rockefeller Center Properties*, 282 AD2d 285 [1st Dept 2001]). Further, consolidation is appropriate where the interests of judicial economy will be served and to avoid inconsistent determinations (*Isa Realty Group, LLC v EBM Development Co.*, 212 AD3d 427 [1st Dept 2023]). The party opposing the motion for consolidation must establish that it will suffer substantial prejudice from consolidation (*id.*). Here, all factors weigh in favor of

**153784/2021 CERROS, MAURICIO vs. NEW YORK CITY TRANSIT**
Motion No. 004

**Page 2 of 6**

2 of 6

[* 2]

consolidating the three actions. Moreover, no party opposing the motion has demonstrated substantial prejudice. Therefore, Plaintiffs' motion is granted.

Accordingly, it is hereby,

ORDERED that the motion is granted and the above-captioned action is consolidated in this Court with *Mauricio Cerros and Enma Cerros. vs. Jacobs Engineering New York Inc. et. al.*, Index No. 160593/2023 and *Mauricio Cerros and Enma Cerros vs. Safeguard, Inc. et. al*, Index No. 160736/2023, pending in this Court; and it is further

[*The remainder of this page is intentionally left blank.*]

**153784/2021  CERROS, MAURICIO vs. NEW YORK CITY TRANSIT**
**Motion No.  004**

**Page 3 of 6**

3 of 6

[* 3]

ORDERED that the consolidation shall take place under Index No. 153784/2021 and the consolidated action shall bear the following caption:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
MAURICIO CERROS, ENMA CERROS,

Index No.: 153784/2021

*Plaintiffs*,

-against-

NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN
TRANSPORTATION AUTHORITY, THE CITY OF NEW YORK,
TULLY CONSTRUCTION CO., WALSH CONSTRUCTION COMPANY II,
FELDMAN LUMBER-US LBM, LLC, JACOBS ENGINEERING NEW YORK
INC., JACOBS ENGINEERING GROUP, INC., HOOVER TREATED WOOD
PRODUCTS, INC., PACIFIC WOOD LAMINATES, INC.,
SOUTH COAST LUMBER CO., HOFER LOG & LUMBER LLC,
HOFER LUMBER INTERNATIONAL PLYWOOD COMPANY LLC,
MANKE LUMBER COMPANY, SHERWOOD LUMBER CORPORATION,
SHERWOOD LUMBER REIPHOFF SAWMILL, INC.,
SAFEGUARD, INC., D & M LUMBER PRODUCTS CO., INC.,
and "ABC CORP.," a fictitious name but intended to be the entity
that manufactured and delivered the subject stack/draft of lumber
to the subject work site, and "XYZ Corp.," a fictious name but
intended to be the entity that manufactured and delivered
the subject stack/draft of lumber to the subject work site,

*Defendants*
-------------------------------------------------------------------------X
NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN
TRANSPORTATION AUTHORITY, THE CITY OF NEW YORK

Third-Party
Index No.: 595079/2023

*Third-Party Plaintiffs*,

-against-

FELDMAN LUMBER-US LBM, LLC
*Third-Party Defendants*
-------------------------------------------------------------------------X

153784/2021   CERROS, MAURICIO vs. NEW YORK CITY TRANSIT
Motion No. 004

Page 4 of 6

And it is further

ORDERED that the pleadings in the actions hereby consolidated shall stand as the pleadings in the consolidated action; and it is further

ORDERED that, within 30 days from entry of this order, movant shall serve a copy of this order with notice of entry on the Clerk of the Court, who shall consolidate the documents in the actions hereby consolidated and shall mark his records to reflect the consolidation; and it is further

ORDERED that counsel for the movant shall contact the staff of the Clerk of the Court to arrange for the effectuation of the consolidation hereby directed; and it is further

ORDERED that service of this order upon the Clerk of the Court shall be made in hard-copy format if this action is a hard-copy matter or, if it is an e-filed case, shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that, as applicable and insofar as is practical, the Clerk of this Court shall file the documents being consolidated in the consolidated case file under the index number of the consolidated action in the New York State Courts Electronic Filing System or make appropriate notations of such documents in the e-filing records of the court so as to ensure access to the documents in the consolidated action; and it is further

ORDERED that, within 30 days from entry of this order, movant shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office, who is hereby directed to reflect the consolidation by appropriately marking the court's records; and it is further

**153784/2021  CERROS, MAURICIO vs. NEW YORK CITY TRANSIT**
**Motion No. 004**

Page 5 of 6

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in hard-copy format if this action is a hard-copy matter or, if it is an e-filed case, shall be made in accordance with the procedures set forth in the aforesaid *Protocol*; and it is further

ORDERED that counsel are directed to submit a proposed conference order to the Court via e-mail at SFC-Part33-Clerk@nycourts.gov on or before October 23, 2024. In the event the parties are unable to agree to a proposed preliminary conference order, the parties are directed to appear for an in-person preliminary conference on October 30, 2024 at 10:00 a.m. in 60 Centre Street, Room 442.

This constitutes the Decision and Order of the Court.

| 9/6/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | _Mary V Rosado JSC_ | |
| | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | x | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | x | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**153784/2021   CERROS, MAURICIO vs. NEW YORK CITY TRANSIT**
**Motion No.  004**

Page 6 of 6

6 of 6